**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JONATHAN J. TOMON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-02107 |
| SWC GROUP, L.P., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Jonathan J. Tomon ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SWC Group, L.P., ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.   Defendant is an accounts receivable management and consumer services company with its principle office located at 4120 International Pkwy, Suite 1100, Carrollton, Texas 75007. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6.   On or around February 17, 2019, Plaintiff received a dunning letter from Defendant in an attempt to collect on an unknown Time Warner Cable bill account in the amount of $369.23 ("subject debt"). *See* Exhibit A for a true and correct copy of Defendant's dunning letter sent to Plaintiff.

7.   Plaintiff was perplexed why Defendant was attempting to collect a debt that did not belong to him as the letter was sent to his address but referred to a "Jony Toman."

8.   At no time did Plaintiff have a business relationship with Time Warner Cable or any of its affiliates.

9.   On February 26, 2019, Plaintiff notified Defendant that the subject debt does not belong to him and demanded that Defendant cease its collection communications.

10. Plaintiff *never* provided his address or phone number to Defendant or otherwise expressly consented to Defendant's communications.

11. Defendant falsely represented the legal status of the subject debt because Plaintiff did not owe the subject debt.

2

12. Defendant unfairly attempted to collect on the subject debt knowing that Plaintiff did not owe such debt.

## DAMAGES

13. Defendant's false representation and misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

14. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was lead to believe he owed the subject debt.

15. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

20. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

21. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

23. One of the purposes of the FDCPA was to eliminate the recurring problem of debt collectors dunning the wrong person.

24. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

25. "The FDCPA declares it a violation to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C.S. § 1692e(2)(A). Indeed, merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under that statute as a matter of law because it is, ipso facto, a false representation about the status or character of the debt." *See Owens v. Howe*, No. 1:04-CV-152, 2004 U.S. Dist. LEXIS 22728 (N.D. Ind. Nov. 8, 2004).

26. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt.

27. Defendant violated §1692e(2) by falsely representing the legal status of the subject debt. Specifically, Defendant attempted to deceive Plaintiff into believing that he was responsible for the subject debt, when Plaintiff had no such obligation because the subject debt did not belong to him.

28. Furthermore, Defendant violated §1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely represented that

Plaintiff owes the subject debt when Plaintiff did not owe the subject debt. Defendant attempted to dragoon Plaintiff into paying a debt that did not belong to him.

### b. Violations of FDCPA § 1692f

29. Defendant violated §1692f by using unfair and unconscionable means in attempting to collect on the subject debt.

30. Specifically, Defendant unfairly attempted to collect on the subject debt when Plaintiff did not owe the subject. Defendant's unconscionable conduct was employed in order to trick Plaintiff into believing he owed the subject and ultimately to satisfy the subject debt when the subject debt did not belong to him.

31. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

32. Upon information and belief, Defendant systematically sends dunning letters to the wrong parties in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

33. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**Plaintiff demands trial by jury.**

Dated: March 25, 2019                                       Respectfully Submitted,

                                                            /s/ Alexander J. Taylor
                                                            /s/ Marwan R. Daher
                                                            /s/ Omar T. Sulaiman
                                                            Alexander J. Taylor, Esq.
                                                            Marwan R. Daher, Esq.
                                                            Omar T. Sulaiman, Esq.
                                                            *Counsel for Plaintiff*
                                                            Sulaiman Law Group, Ltd
                                                            2500 S Highland Ave, Suite 200
                                                            Lombard, IL 60148
                                                            Telephone: (630) 575-8181
                                                            ataylor@sulaimanlaw.com
                                                            mdaher@sulaimanlaw.com
                                                            osulaiman@sulaimanlaw.com